Jonathan Baker (Bar No. 196062)
jbaker@farneydaniels.com
Gurtej Singh (Bar No. 286547)
tsingh@farneydaniels.com
**FARNEY DANIELS PC**
411 Borel Ave., Suite 350
San Mateo, CA 94402
Telephone:  (424) 268-5200
Facsimile:   (424) 268-5219

Attorneys for Plaintiff
GORDIUM INNOVATIONS LLC

## IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDIUM INNOVATIONS LLC, | Civil Case No. _____ |
| Plaintiff, | |
| v. | **PLAINTIFF GORDIUM INNOVATIONS LLC'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |
| ETHERWAN SYSTEMS, INC., | |
| Defendant. | JURY TRIAL DEMANDED |

Plaintiff Gordium Innovations LLC, for its Complaint against Defendant EtherWAN Systems, Inc., alleges the following:

### NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq.

### THE PARTIES

2.      Plaintiff Gordium Innovations, LLC is a limited liability company organized under the laws of the State of Texas with its principal place of business at 106 Fannin Avenue, Round Rock, TX 78664-5219.

3.      Upon information and belief, Defendant EtherWAN Systems, Inc. is a corporation organized under the laws of the State of California, with its principal place of business at 4570 E. Eisenhower Circle, Anaheim, CA 92807, and a registered agent for service of process at Ming Chau Yang, 4570 E. Eisenhower Circle, Anaheim, CA 92807.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

5.      Defendant is subject to the jurisdiction of this Court by reason of its acts of patent infringement which have been committed in this Judicial District, and by virtue of its regularly conducted business and systematic business contacts in this state, including maintaining its principal place of business in this District and its organization under the laws of the State of California.

6.      Defendant has established sufficient minimum contacts with this Judicial District such that it should reasonably and fairly anticipate being haled into court in this Judicial District.

7.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,697,385

8.      The allegations set forth in the foregoing paragraphs 1 through 7 are incorporated into this First Claim for Relief.

9.      On February 24, 2004, U.S. Patent No. 6,697,385, entitled "Circuit(s), Method(s) and Architecture for Configurable Packet Re-timing in Network Repeater Hubs," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '385 Patent is attached as Exhibit A to this Complaint.

10.     Gordium is the assignee and owner of the right, title and interest in and to the '385 Patent, including the right to assert all causes of action arising under the

'385 Patent and the right to any remedies for its infringement.

11.    In violation of 35 U.S.C. § 271, Defendant has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, the '385 Patent by making, using, selling and/or offering for sale in the United States, including in this Judicial District, networking devices providing data prioritization features as claimed in one or more claims of the '385 Patent ("the Accused Products and Services"), without the authority of Gordium.  For example, the Accused Products and Services receive delay control signals in the form of priority bits, or 3-bit fields within Ethernet frame headers, in inbound packets.  While a packet is not being transmitted, these products use the priority bits to configure delays for sending  received packets, utilizing priority queues and a transmission selection algorithm (e.g., strict priority queuing).

12.    The Accused Products and Services include, but are not limited to, the ER58000 Series, EX77000 Series, EX87000 Series, EX89000 Series, EX75000 Series, EX76000 Series, EX83000 Series, EX73000 Series, EX63000 Series, EX72000 Series, EX62000 Series, EX71000 Series, EX61000A Series, EX78000 Series, EX78000R Series, EX78602 Series, EX70900 Series, EX74000 Series, the EX74262R-01VT, EX32900 Series, EX42900 Series, EX39924 Series, EX36100 Series, EX45900 Series, EX25611 Series, EX26182 Series, EX26262 Series, EX27000 Series, EX29000 Series, EX17242 Series, EX17162 Series, EX17908 Series, EX17082 Series, and EX16900 Series Ethernet Switches.

13.    Gordium provided actual notice to Defendant of its infringement of the '385 Patent in a letter sent by certified mail on December 5, 2014.  The letter informed Defendant that the Accused Products and Services appeared to directly infringe the '385 Patent, and identified the relevant features of the Accused Products and Services.  The December 5th letter also informed Defendant that Defendant's actions, including advertising, marketing, and providing instruction manuals and materials, induced others to infringe the '385 patent and cited at least

one specific example.  A copy of the December 5th letter is attached hereto as Exhibit B to this Complaint.

14.    Defendant has had actual knowledge of the '385 Patent since at least the date it received Gordium's December 5th letter.

15.    Upon information and belief, Defendant engaged in the actions described in paragraph 11 of this Complaint with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '385 Patent and that its acts were infringing the '385 Patent since at least the date it received the notice letter from Gordium notifying Defendant that its products and services infringed the '385 Patent.

16.    Upon information and belief, Defendant has induced and continues to induce others to infringe one or more claims of the '385 Patent under § 271(b) by, among other things, with specific intent, actively and knowingly, since at least as of the date it received Gordium's December 5th letter, aiding and abetting others to infringe, including, but not limited to, Defendant's customers and other users, whose use of the Accused Products and Services constitutes direct infringement of one or more claims of the '385 Patent.  In particular, Defendant acted and continues to act with specific intent to make others, such as its customers, infringe by advertising and selling products and providing instruction manuals showing infringing uses of the products and services.  For example, in a bulletin titled "EtherWAN's new Gigabit PoE IEEE802.3at Ethernet Switches are ideal upgrades to your network," EtherWAN advertises that "[t]raffic is prioritized according to 802.1p, DSCP, and TCP/UDP port number, giving optimal performance to real-time applications such as voice and video."  EtherWAN's datasheets and user manuals for the Accused Products and Services also inform EtherWAN's customers and end-users of the products' infringing features by describing the products' capability for delaying traffic using Class of Service priority queues.  On

ORIGINAL COMPLAINT FOR
PATENT INFRINGEMENT                    4          CASE NO.

information and belief, since the time it received Gordium's December 5th letter informing it that it was inducing its customers and users to infringe the '385 Patent, Defendant engaged in, and continues to engage in, such actions with specific intent to cause infringement or with willful blindness to the resulting infringement.

17.   Because of Defendant's infringing activities, Gordium has suffered damages and will continue to suffer damages in the future.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Gordium demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Gordium respectfully requests that this Court enter judgment for Gordium and against Defendant as follows:

A.   an adjudication that Defendant has infringed the '385 Patent;

B.   an award of damages to be paid by Defendant adequate to compensate Gordium for Defendant's past infringement of the '385 Patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.   an order that Defendant pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

D.   a declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees;

E.   an award to Gordium of such further relief at law or in equity as the Court deems just and proper.

Dated:  January 8, 2015                    Respectfully,


                                           */s/ Jonathan Baker*
                                           Jonathan Baker (Bar No. 196062)
                                           jbaker@farneydaniels.com
                                           Gurtej Singh (Bar No. 286547)
                                           tsingh@farneydaniels.com
                                           **FARNEY DANIELS PC**
                                           411 Borel Ave., Suite 350
                                           San Mateo, CA 94402
                                           Telephone:   (424) 268-5200
                                           Facsimile:    (424) 268-5219

                                           *Attorneys for Plaintiff*
                                           *Gordium Innovations LLC*